**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**M.J. and H.J.,**

        **Plaintiffs,**

**-vs-**                                    **Case No. 3:11-cv-771-J-37MCR**

**JACKSONVILLE HOUSING**
**AUTHORITY and CITY OF**
**JACKSONVILLE,**

        **Defendants.**

## ORDER

This cause comes before the Court on Plaintiffs' Unopposed Motion to Proceed Anonymously (Doc. No. 9), filed on August 29, 2011. After a careful consideration of the motion and the supporting memorandum of law, the Court GRANTS Plaintiffs' motion to proceed anonymously in this action.

### BACKGROUND

Plaintiffs M.J. and H.J. brought this action for damages and injunctive relief to remedy the Defendants Jacksonville Housing Authority's ("JHA") and City of Jacksonville's ("COJ") alleged unlawful sharing, disclosure, and use of a juvenile arrest report that was strictly confidential under Florida and federal law. (Doc. No. 9 p.1.) H.J. is an individual who was arrested by Defendant COJ for an alleged violation of law before he reached the age of eighteen. (*Id.*) He was neither prosecuted for the alleged offense nor adjudicated delinquent. (*Id.*) At the time of his arrest, H.J. and his mother, M.J., were receiving housing assistance from Defendant JHA, pursuant to Section 8 of the United

Sates Housing Act of 1937, as amended, 42 U.S.C. §§ 1437 *et seq.* ("Section 8"). (*Id.*) Because COJ allegedly unlawfully disclosed to JHA the confidential arrest report COJ created, and because JHA then allegedly unlawfully terminated Plaintiffs' Section 8 housing assistance on the basis of the confidential arrest report, Plaintiffs have suffered damages, including, but not limited to, embarrassment, humiliation and financial hardship. (*Id.* p. 2.)

> The gravamen of the Plaintiffs' complaint is that neither H.J.'s confidential arrest report nor any information contained therein ever should have been obtained by JHA or anyone other than the few persons and entities authorized by Florida law to access that information; that neither M.J. nor H.J. ever should have been publicly identified with the confidential arrest report; that both M.J. and H.J. inevitably suffered damages as a result of the Defendants' unlawful disclosure and use of the confidential report; and[,] that both M.J. and H.J. will continue to be harmed if the Defendants are not permanently enjoined to comply with the law.

(*Id.* pp. 2-3.)

Plaintiffs move the Court to allow them to proceed anonymously because of the intimate nature of the information they will have to disclose in this case, because of the harassment from their community they will face, because of potential denial of basic opportunities such as housing and employment if they are publicly identified, and because the very injury they are litigating to remedy would be incurred as a result of the disclosure of their identities. (*Id.* p. 3)

**DISCUSSION**

Parties to a lawsuit are generally required to disclose identifying information, including their names, in the title of a complaint. *See* Fed. R. Civ. P. 10(a). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court

decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).[1]

Despite this requirement, courts may permit a plaintiff to proceed under a pseudonym in limited circumstances warranting heightened deference to the plaintiff's right to privacy. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citation omitted).

The Eleventh Circuit has instructed that a "plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* at 324. The final decision, however, as to whether or not to grant anonymity lies within the discretion of the trial judge, who should "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. at 323 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)) (hereinafter, *SMU*) (emphasis in original).

> The first step in analyzing a plaintiff's claim of a substantial privacy right is to look at the three factors analyzed in *SMU*. *See Stegall*, 653 F.2d at 185 (restating the test). First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

>    the plaintiffs be compelled to admit their intention to engage in illegal
>    conduct and thus risk criminal prosecution?

*Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).

In the instant case, the parties agree that two out of the three above-posed questions can be answered in the affirmative: (1) Plaintiffs are challenging governmental activity, and (2) Plaintiffs will be required to disclose information of the utmost intimacy. While it may not be intimate in exactly the same sense in which, for example, sexually explicit video footage would be, the parties agree that the confidential information in H.J.'s juvenile arrest report is intimate in an equally important sense, especially because Florida legislature, as evidenced in Fla. Stat. § 985.04, clearly decided that the juvenile records should be kept confidential. Fla. Stat. § 985.04 provides, in pertinent part, that "all information obtained [as it relates to a juvenile criminal record] . . . is confidential and may be disclosed only to the authorized [individuals and agencies]." Florida's mandate of confidentiality for juvenile records is supported and furthered by Title 42, United States Code, § 1437d(q), which forbids JHA to obtain or make use of any juvenile information that is confidential under Florida law.

In addition to these factors, the parties agree that the circumstances of this case warrant anonymity of the Plaintiffs because, most importantly, the very injury Plaintiffs are litigating against in this case would be incurred as a result of the disclosure of their identities. The whole purpose of the complaint, Plaintiffs submit, is to address the unlawful actions by which Defendants publicly identified M.J. and H.J. with the confidential information in H.J.'s juvenile arrest warrant, and to prevent that public identification from continuing or repeating. Plaintiffs add, if the Court were to require them to disclose their identities, both of them would be forever publicly identified with allegations of wrongdoing that were supposed to be kept confidential, and the whole purpose of their

complaint would be defeated. Moreover, Plaintiffs assert that they would continue to suffer from the consequences of unlawful disclosure of the confidential information, because nearly all housing providers, employers, and educational institutions make decisions based upon personal background information obtained from the courts and from governmental entities like Defendants.

Furthermore, Plaintiffs submit that any public interest in knowing the identities of the parties in this lawsuit is lacking, because both the Florida legislature and the United States Congress effectively determined that the juvenile records are confidential - thereby private - and not a matter of public concern. Lastly, the parties agree that Defendants will in no way be harmed or prejudiced if Plaintiffs are permitted to proceed anonymously. Before commencing the action in this Court, Plaintiffs represent that they have complied with Fla. Stat. § 768.28 by giving Defendants written notice of their claims and their real names, dates of birth, social security numbers and other identifying information. Therefore, Defendants are fully aware of Plaintiffs' identities and will not be hindered from conducting discovery or otherwise preparing their defenses in this case.

Plaintiffs argue that the Court should follow the reasoning and finding in *Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973), where the court allowed plaintiffs to proceed anonymously, not because they would have had to disclose intimate information, but because they were challenging a state statute regulating the disclosure of such information. The Eleventh Circuit Court of Appeals, in distinguishing *Ingraham* in *Frank*, said that the anonymity was allowed "because the injury litigated against - disclosure of plaintiff's name - would be incurred as a result of the disclosure of the plaintiff's identity in the complaint." *Frank*, 951 F.2d at 324 n.6. Plaintiffs contend the same is true here, and the Court agrees.

Keeping the constitutionally-embedded presumption of openness in judicial proceedings in mind, and after considering and reviewing all of the circumstances in the instant case, the Court is inclined to GRANT Plaintiffs' Motion to Proceed Anonymously. The exceptional nature of this case warrants such a result. The Court agrees that the entire purpose of the complaint would effectively be defeated if Plaintiffs were required to proceed under their full names.

Based on the foregoing, it is ordered that Plaintiffs' Unopposed Motion to Proceed Anonymously (Doc. No. 9), filed on August 29, 2011, is **GRANTED**.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida on September 12, 2011.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party